Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000136
09-MAY-2011
10:05 AM

NO. CAAP-10-0000136

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

VALERIE J. BORDEAUX,
Plaintiff/Counterclaim Defendant/Appellant,

v.

EMMET RICE and EDNA RICE,
Defendants/Counterclaim-Plaintiffs/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 07-1-0280)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal that Plaintiff/Counterclaim Defendant/Appellant Valerie J. Bordeaux (Appellant Bordeaux), has asserted from the Honorable Glen S. Hara's October 14, 2010

"Order Dismissing Plaintiff's Complaint with Prejudice" (the October 14, 2010 dismissal order) and March 1, 2011 "Order Denying Plaintiff's Motion to Vacate Order Issued October 14, 2010 Dismissing Plaintiff's Complaint and Granting Judgment to Defendant" (the March 1, 2011 order denying Appellant Bordeaux's motion to set aside the October 14, 2010 dismissal order) because the circuit court has not yet entered a separate judgment that resolves all claims against all parties in this case pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees, which "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

Neither the October 14, 2010 dismissal order nor the March 1, 2011 order denying Appellant Bordeaux's motion to set aside the October 14, 2010 dismissal order is a judgment, but, instead, these two orders are interlocutory orders. On March 3, 2011, the appellate court clerk filed the record on appeal for Appeal No. CAAP-10-0000136, at which time the record on appeal did not contain a separate judgment that resolves all claims in this case. Absent a separate, appealable judgment, Appellant Bordeaux's appeal is premature and we lack appellate

-2-

jurisdiction.  Therefore, IT IS HEREBY ORDERED that Appeal No. CAAP-10-0000136 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i,  May 9, 2011.


Chief Judge


Associate Judge


Associate Judge